BONIFACIO DÍAZ, Plaintiff and Appellee, *v.* FERMÍN SANJURJO ET AL., Defendants and Appellants.

No. 4559.   Argued November 20, 1929.—Decided May 27, 1930.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Fermín Sanjurjo built a frame house on land belonging to José and Saturnino Fernández, to whom he mortgaged the said house to secure the sum of $800 which he owed

them. Some time afterward, Fermín Sanjurjo sold the house to Bonifacio Díaz for $600 by a public deed, in which the vendor stated that the only encumbrance on the house was the said mortgage to the Fernández brothers, who appeared in the said deed for the purpose of receiving the said $600 of the purchase price from their debtor to apply to said mortgage, and, upon receipt of that amount, they gave a release of the said encumbrance. Subsequently the purchaser learned that there was a second mortgage on the said house for $132 in favor of Julieta Raga, and that an attachment had been levied on the house and a public sale thereof advertised to foreclose such a mortgage. Thereupon he instituted the present action against Fermín Sanjurjo and the Fernández brothers, and alleged the above facts and that it had been made to appear in the deed of sale, with the connivance of the Fernández brothers, that the mortgage held by the latter was the only existing encumbrance on the property, and that plaintiff's consent to the purchase had been obtained through concealment by the defendants of the real facts and by means of fraudulent devices. He, therefore, prayed that the sale be annulled and that the Fernández brothers be ordered to return the $600 which they had received. The mortgages were not recorded in the registry of property.

The defendants answered and opposed plaintiff's claims, but only the Fernández brothers appeared at the trial. The district court found that bad faith on the part of Sanjurjo and the Fernández brothers had been shown because their innocence in the matter could not be presumed, since they were interested in concealing the truth in order to effect the sale, of which the whole proceeds went to them; and that the statement made afterwards by them, that they would fix up the matter, justified the conclusion reached as to their implied acknowledgment of an unlawful participation by them in such fraudulent transaction.

The district court in its judgment declared the nullity of the sale and ordered José and Saturnino Fernández to return to the plaintiff the $600 received by them in connection with such sale. An appeal was taken from that judgment by the Fernández brothers and we will, therefore, concern ourselves herein only with the appeal so taken.

We fail to find any justification for the findings made by the lower court in regard to the appellants. It does not appear from the evidence that they entered into any sale contract with the appellee, nor that they proposed the transaction to him, nor that they ever stated that the house was subject only to the mortgage they owned, nor that they concealed the existence of any other encumbrance. Their intervention in the matter was confined to appearing in the deed of sale for the purpose of receiving, on account of their credit against Sanjurjo, the sum of $600 which was paid to the latter by the purchaser, and to releasing the mortgage held by them. The fact of their being thus benefited is not in itself sufficient ground for the conclusion that they had any interest in concealing the truth or that they were not innocent in this matter. It has not even been shown that they knew of the existence of the other mortgage prior to the said sale. Nor was the fact that José Fernández told Bonifacio Díaz, as testified by the latter, that he would fix that up, sufficient to justify the conclusion reached as to an implied acknowledgment of fraudulent participation by Fernández in the concealment of the other mortgage.

By reason of the foregoing, the judgment appealed from must be reversed in so far as it adjudges José and Saturnino Fernández to return the $600 which they received in payment of their mortgage, and also as to the imposition of costs on them.